**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**
**PHILADELPHIA DIVISION**

| | |
|---|---|
| **In re:**<br><br>**John M. Lawlor,**<br>**Debtor .**<br>**U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST,**<br><br>**Movant,**<br>**v.**<br>**John M. Lawlor,**<br>**Debtor/Respondent,**<br>**LYNN E. FELDMAN,**<br>**Trustee/Additional Respondent.** | **Bankruptcy No. 26-13551-djb**<br><br>**Chapter 7**<br><br>**Hearing Date: October 13, 2026**<br>**Hearing Time: 10:00 A.M.**<br>**Hearing Location: 900 Market Street, Suite 201 Philadelphia, PA 19107**<br>**Courtroom Number #2** |

**MOTION OF FOR RELIEF FROM THE AUTOMATIC STAY OF U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST TO PERMIT FORECLOSURE OF 300 HAINES DR TWP OF UPPER, GWYNEDD (NORTH WALES), PENNSYLVANIA 19454**

U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST ("Movant" or "Secured Creditor"), by and through the undersigned counsel, hereby moves this Court, pursuant to 11 U.S.C. § 362(d) of the United States Bankruptcy Code ("Code") for a modification of the automatic stay provisions of the Code for cause, and, in support thereof, states the following:

1. John M. Lawlor ("Debtor"), filed a Voluntary Petition pursuant to Chapter 7 of the United

States Bankruptcy Code ("Code") on August 25, 2026.

2. Jurisdiction of this cause is granted to the United States Bankruptcy Court ("Court") pursuant to 28 U.S.C. § 1334, 11 U.S.C. § 362(d), Fed. R. Bankr. P. 4001(a), and all other applicable rules and statutes affecting the jurisdiction of the Bankruptcy Courts generally.

3. On June 3, 2005, Carol L Lawlor and John M Lawlor executed and delivered a Promissory Note ("Note") and Mortgage ("Mortgage") securing payment of the Note in the amount of $350,000.00 in favor of Equity One, Inc., dba Popular Financial Services. A true and correct copy of the Note is attached hereto as Exhibit "A".

4. The Mortgage was recorded July 13, 2005 in Instrument No. 2005096681 of the Public Records of Montgomery County, Pennsylvania. A true and correct copy of the Mortgage is attached hereto as Exhibit "B".

5. The Mortgage was secured as a lien against the real property located at 300 Haines Dr., Twp Of Upper, Gwynedd (North Wales), Pennsylvania 19454. (the "Property").

6. The loan was last assigned to U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST and same recorded with the Montgomery County Recorder of Deeds on January 17, 2024, Instrument No. 2024002898. A true and correct copy of the Assignment of Mortgage is attached hereto as Exhibit "C".

7. Secured Creditor is the holder of the note ("noteholder"), and is either the original mortgagee, beneficiary or assignee of the security instrument for the referenced loan. Noteholder directly or through an agent has possession of the promissory note and the promissory note is either made payable to noteholder or has been duly endorsed.

8. Based upon the Debtor(s)' schedules, the property is not claimed as exempt. The Trustee has not abandoned the property. A true and correct copy of Schedule C, D, and Statement of Intent is attached hereto as Exhibit "D".

9. The loan has been in default since September 1, 2022.

10. As of August 28, 2026, the unpaid principal balance due under the loan documents is $204,203.43. Movant's total claim amount, itemized below, is $329,417.64. *see* Exhibit "E".

| | |
|---|---|
| Principal Balance | $204,203.43 |
| Interest (through 08/28/26) | $42,552.80 |
| Escrow Advance | $67,103.54 |
| Total Fees | $81.75 |
| ACCUM LATE CHARGES | $1,019.20 |
| Recoverable Balance | $16,342.90 |
| Suspense Balance | ($1,885.98) |
| Total to Payoff | $329,417.64 |

11. Debtor(s)' docketed schedules list the value of the Property as $566,802.90. There are $570,289.68 in additional liens on the Property. True and accurate copies of Debtor(s)' Schedule A/B and Schedule D are attached hereto as Exhibit "F".

12. Under Section 362(d)(1) of the Code, the Court shall grant relief from the automatic stay and for "cause", which includes a lack of adequate protection of an interest in property. Sufficient "cause" for relief from stay under Section 362 (d)(1) where the value of the collateral is insufficient in and of itself to provide adequate protection that the Bankruptcy Code requires to be provided to the Movant. Movant further seeks relief from the Automatic Stay pursuant to §362(d)(2) of the Bankruptcy Code on the grounds that the collateral Property is unnecessary to an effective reorganization of Debtor(s) assets.

13. Secured Creditor further provides that its acceptance of partial payments in the instant

matter shall not constitute waiver of Secured Creditor's rights to pursue any present or future default in the event the partial payments are not enough to cure the entire default.

14. As a result, cause exists pursuant to 11 U.S.C. § 362(d) of the Code for this Honorable Court to grant relief from the automatic stay to allow Movant, its successors and/or assigns to pursue its state court remedies, including the filing of an action in Mortgage Foreclosure, or if foreclosure is completed, immediately scheduling the Property for Sheriff Sale.
15. Further, once the automatic stay is terminated, Debtor(s) will have minimal motivation to insure, preserve, or protect the collateral Property; therefore, Movant requests that the Court waive the 14-day stay period imposed by Fed.R.Bankr.P. 4001(a)(4).

**WHEREFORE**, Movant prays this Honorable Court enter an order modifying the automatic stay under 11 U.S.C. § 362(d) to permit U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST to take any and all steps necessary to exercise any and all rights it may have in the collateral property described herein, gain possession of said collateral property, seek recovery of reasonable attorney fees and costs incurred in this proceeding, waive the 14-day stay imposed under Fed.R.Bankr.P. 4001(a)(4), and for any such further relief as this Honorable Court deems just and appropriate.

Date: 9/17/2026

**Robertson, Anschutz, Schneid, Crane & Partners, PLLC**
Attorneys for Movant
13010 Morris Rd., Suite 450
Alpharetta, GA 30004
Telephone: 470-321-7112
By: /s/ Michelle L. McGowan

Michelle L. McGowan
Email: mimcgowan@raslg.com